**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1869

WESTMORELAND COAL COMPANY, INCORPORATED,

Petitioner,

versus

THEODORE B. BARKER; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(03-0553-BRB; 00-441-BLA)

Argued: March 17, 2005                    Decided: June 29, 2005

Before MICHAEL and DUNCAN, Circuit Judges, and Frederick P. STAMP,
Jr., United States District Judge for the Northern District of West
Virginia, sitting by designation.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Douglas Allan Smoot, JACKSON KELLY, P.L.L.C., Charleston,
West Virginia, for Petitioner. Terry Gene Kilgore, WOLFE, WILLIAMS
& RUTHERFORD, Norton, Virginia; Michelle C. Yau, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C., for Respondents. **ON BRIEF:**
Dorothea J. Clark, JACKSON KELLY, P.L.L.C., Morgantown, West
Virginia, for Petitioner. Joseph E. Wolfe, W. Andrew Delph, Jr.,
WOLFE, WILLIAMS & RUTHERFORD, Norton, Virginia, for Respondent
Barker. Howard M. Radzely, Solicitor of Labor, Allen H. Feldman,
Associate Solicitor for Special Appellate and Supreme Court

Litigation, Nathaniel I. Spiller, Deputy Associate Solicitor, Gary K. Stearman, Senior Appellate Attorney, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director, Office of Workers' Compensation Programs.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Westmoreland Coal Company (Westmoreland) petitions for review of an order of the Benefits Review Board (BRB) affirming an administrative law judge's award of benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. § 901 et seq., to Theodore Barker. Under the Act a miner is entitled to benefits if he can establish that he is totally disabled due to pneumoconiosis arising out of coal mine employment. 30 U.S.C. § 921(a). A miner suffering from chronic disease of the lung is entitled to an irrebuttable presumption of total disability due to pneumoconiosis if (A) x-rays show one or more opacities (greater than one centimeter in diameter) in the miner's lungs, and the opacities would be classified as Category A, B, or C in the International Classification of Radiographs of Pneumoconioses by the International Labor Organization; (B) a biopsy or autopsy reveals massive lesions in the lung; or (C) a diagnosis by some other method yields results described in (A) or (B). Id. § 921(c)(3).

Barker, who suffers from chronic lung disease, worked as a coal miner for thirty-seven years. This case arises out of Barker's third application for black lung benefits filed on July 12, 1999. The District Director awarded benefits on March 20, 2000, based on a finding that Barker was entitled to the statutory irrebuttable presumption of total disability due to pneumoconiosis. After a formal evidentiary hearing, an ALJ issued a decision and

3

order, dated October 18, 2000, denying benefits, and the BRB affirmed on October 23, 2001. Within one year of the BRB's decision, Barker filed a request for modification. The District Director issued a proposed decision and order denying modification on July 19, 2002, and at Barker's request the file was forwarded to the Office of Administrative Law Judges for a formal hearing. A second ALJ conducted a de novo hearing and awarded benefits. Upon reviewing the evidence, the ALJ determined that Barker was entitled to the statutory irrebuttable presumption of total disability due to pneumoconiosis. See id. Although the ALJ relied primarily on evidence submitted under prong (A) of § 921(c)(3), that is, x-ray evidence that showed large opacities, she also evaluated all of the evidence submitted pursuant to the other two prongs. The BRB affirmed the ALJ's decision as rational, supported by substantial evidence, and in accordance with applicable law. After considering the joint appendix, the briefs, and the arguments of counsel, we find no reversible error. We therefore deny Westmoreland's petition for review.

DENIED